**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WEEKEND WARRIOR CLOTHING, LLC, | Case No.: _____ |
| *Plaintiff*, | |
| v. | |
| TP APPAREL, LLC d/b/a TEEPUBLIC, | |
| *Defendant*. | |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff Weekend Warrior Clothing, LLC ("Plaintiff" or "Weekend Warrior")
brings this action against Defendant TP Apparel, LLC d/b/a TeePublic ("Defendant" or
"TeePublic"), alleging as follows:

### INTRODUCTION

1.      This lawsuit is necessary to stop a large, e-commerce company's brazen and
persistent infringement of a small, local business's valuable intellectual property.

2.      Weekend Warrior is a small business, founded and grown by a pair of
brothers in Ohio.  It has had remarkable success in the apparel industry primarily because
its products feature original, copyrighted designs that oftentimes incorporate a humorous
and pop-culture bend that grabs the public's attention.

3.      The success and popularity that Weekend Warrior has achieved, however,
has attracted legions of copycats who work in concert with TeePublic, a large company
that markets, offers for sale, and sells knockoffs of Weekend Warrior's products through
its website, www.teepublic.com.  TeePublic copies Weekend Warrior's designs and

emblazons them on t-shirts, hoodies, tank tops, stickers, mugs, and other products, amassing substantial revenue and online traffic at Weekend Warrior's expense.

4.    Here are some non-exhaustive examples of this infringement on TeePublic's website:



| Weekend Warrior's Designs | Examples of TeePublic's Infringement |
|---|---|

| Weekend Warrior's Designs | Examples of TeePublic's Infringement |
|---|---|
|  | |

| Weekend Warrior's Designs | Examples of TeePublic's Infringement |
|---|---|
|  | |

5.       TeePublic is knowingly involved in and central to this mass infringement. TeePublic has the capability to market, manufacture, print, offer for sale, sell, fulfill, and ship the infringing goods at scale.    It knows that its website features significant infringement of Weekend Warrior's copyrighted designs, as well as countless others' intellectual property.    This infringement is not accidental—it is intentional, unrelenting, and blatant, depriving Weekend Warrior of a large number of sales, lessening the value of Weekend Warrior's copyrighted designs, and damaging Weekend Warrior's brand and good will.

6.       TeePublic also has designed its website to make it virtually impossible for Weekend Warrior to find all the instances of infringement on TeePublic's website, thereby allowing TeePublic to continue to infringe and profit from Weekend Warrior's intellectual property.  All of this has left Weekend Warrior with no choice but to file this action.

## PARTIES

7.       Weekend Warrior is a limited liability company with its principal place of business in Cincinnati, Ohio.

4

8.     Weekend Warrior is informed and believes, and thereon alleges, that TeePublic is a limited liability company with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over TeePublic because, in this district, TeePublic infringed Weekend Warrior's intellectual property, intentionally directing the conduct alleged in this complaint and knowing that the effects would be felt by Weekend Warrior in this district.  Further, upon information and belief, Weekend Warrior alleges that TeePublic regularly has, and does, advertise, market, offer for sale, and sell goods, including goods at issue in this action, to persons in this district.

10.     Pursuant to 28 U.S.C. sections 1331 and 1338, this Court has subject matter jurisdiction over this action.  This action arises under the Copyright Act.  17 U.S.C. § 101, *et seq.*  Pursuant to 28 U.S.C. sections 1367 and 1338(b), this Court also has supplemental jurisdiction.

11.     Pursuant to 28 U.S.C. section 1332, this Court also has diversity jurisdiction because Weekend Warrior and TeePublic are citizens of different states and the amount in controversy exceeds $75,000.

12.     Per 28 U.S.C. section 1391, venue in this district is proper because a substantial portion of the events and omissions giving rise to this action occurred in this district.  Weekend Warrior resides and maintains its principal place of business here, and the injury was suffered here.  Further, upon information and belief, Weekend Warrior alleges that certain of the infringing goods alleged in this complaint were offered for sale and sold to persons in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### I.    Weekend Warrior Is a Small, Online Business in the Apparel Industry

13.    In 2018, Daniel and Tim Whelan (collectively, the "Whelan Brothers") left their professional jobs to focus their efforts full time on building Weekend Warrior.  They took a risk on themselves, focusing Weekend Warrior on creating original and creative designs that would be emblazoned on t-shirts and sold online through Weekend Warrior's website.  Through an enormous amount of hard work, dedication, and creativity, the Whelan Brothers grew Weekend Warrior from a fledgling online apparel company running out of a closet "office" situated in a friend's warehouse to an online business selling thousands of t-shirts nationwide.

14.    The Whelan Brothers' decisions and risks paid off.  Weekend Warrior's success has been largely rooted in its designs—creative, original, and unique designs—that have become popular with Weekend Warrior's customers and the general public.  Weekend Warrior's designs utilize attractive visual elements to feature humorous and pop-culture references.  Indeed, many of Weekend Warrior's designs have quickly become popular after their release, allowing the company to grow and sell thousands of t-shirts per year.

15.    A substantial amount of time and effort is invested in all of Weekend Warrior's designs.  From inception to completion, the creative process for each of Weekend Warrior's designs requires the Whelan Brothers to invest anywhere from 24 to 50 working hours.  And even with the expenditure of such time and effort, the same two-person operation handles all of the shipping, marketing, customer support, accounting and now policing of infringement of Weekend Warrior's designs.

6

16.     Weekend Warrior exclusively sells its products via its own proprietary website.  It has never sold its products via TeePublic, TeePublic's website, any entities related to or affiliated with TeePublic, or other sales channels.  Weekend Warrior also has never licensed its designs or products to anyone, including TeePublic.

## II.     Weekend Warrior Obtains Copyright Registrations to Protect Its Valuable, Creative, and Original Designs

17.     Because Weekend Warrior's success is so closely tied to its original and creative designs, Weekend Warrior obtained copyright registrations for many of its works, including by assignment from the Whelan Brothers.  Here is a non-exhaustive list of designs for which Weekend Warrior obtained copyright registrations (collectively, the "WW Designs"):

| Name | Registration No. |
|---|---|
| Bad Day to be a Beer | Reg. No. VA 2-340-675 |
| Leprechaun Griddy | Reg. No. VA 2-350-096 |
| Tits Mcgee Irish Pub | Reg. No. VA 2-351-548 |
| BAD DAY TO BE A BEER - *AMERICA EDITION* | Reg. No. VA 2-351-900 |
| Bad Day to be a Cerveza | Reg. No. VA 2-352-053 |
| Pat McCrotch Irish Pub | Reg. No. VA 2-352-055 |
| Griddy Cerveza | Reg. No. VA 2-352-062 |
| Griddy Taco | Reg. No. VA 2-352-064 |
| Uncle Sam's American Lager | Reg. No. VA 2-357-232 |
| USA Drinking Team Mascot | Reg. No. VA 2-357-233 |
| USA Jam - Washington/Lincoln | Reg. No. VA 2-358-834 |

| Name | Registration No. |
|---|---|
| Real American - Uncle Sam | Reg. No. VA 2-358-836 |
| Ameri-CAN Eagle | Reg. No. VA 2-358-838 |
| Meri-CAN Eagle | Reg. No. VA 2-358-949 |
| USA Jam - Uncle Sam/Merican Eagle | Reg. No. VA 2-358-950 |
| Uncle Sam Griddy | Reg. No. VA 2-358-971 |
| Ameri-CAN V2 | Reg. No. VA 2-360-244 |
| Bald Eagle Griddy | Reg. No. VA 2-360-414 |
| Ameri-CAW | Reg. No. VA 2-360-415 |
| Do you feel lucky | Reg. No. VA 2-373-368 |
| Bad day to be a Bier | Reg. No. VA 2-373-594 |
| Bad Day to be a Beer – Christmas Edition | Reg. No. VA 2-373-658 |
| FrankenSTEIN | Reg. No. VA 2-373-666 |
| Skeleton Griddy | Reg. No. VA 2-373-667 |
| Can't get Hungover | Reg. No. VA 2-373-946 |
| Protect the Charms | Reg. No. VA 2-373-955 |
| Most Interesting Pumpkin | Reg. No. VA 2-373-957 |
| Get Smashed | Reg. No. VA 2-373-958 |
| Greened Out | Reg. No. VA 2-373-959 |
| Bad day to be a Turkey | Reg. No. VA 2-373-975 |
| Poor Day to be a Pilsner | Reg. No. VA 2-373-977 |
| Hope they serve beer in hell | Reg. No. VA 2-373-988 |
| Boo Bees and Beer | Reg. No. VA 2-374-001 |

| Name | Registration No. |
|---|---|
| Enjoy Beer | Reg. No. VA 2-374-114 |
| Make Mullets Great Again | Reg. No. VA 2-374-116 |
| The Grim Rizzer | Reg. No. VA 2-374-118 |
| Where the Horrors at? | Reg. No. VA 2-374-120 |
| I Want Brew | Reg. No. VA 2-374-121 |
| Papa Woody Plumbing | Reg. No. VA 2-375-959 |
| Morning Wood Lumber | Reg. No. VA 2-375-960 |
| Shut up Liver | Reg. No. VA 2-376-259 |
| Master Bait | Reg. No. VA 2-376-862 |
| Enjoy Beer – Ugly Sweater | Reg. No. VA 2-378-403 |
| Santa Griddy | Reg. No. VA 2-381-897 |
| Merry Rizz-Mas | Reg. No. VA 2-381-899 |
| Thicc Santa | Reg. No. VA 2-381-900 |
| Camel Tow | Reg. No. VA 2-381-989 |
| St. PatRIZZ Day | Reg. No. VA 2-389-860 |
| USA JAM - Trump/Biden | Reg. No. VA 2-405-798 |
| Pat McGroin | Reg. No. VA 2-405-800 |
| Down goes Liver | Reg. No. VA 2-406-000 |
| Bad Day of Fishing | Reg. No. VA 2-406-022 |
| American Dream Team | Reg. No. VA 2-414-049 |
| Uncle Sam Racing | Reg. No. VA 2-414-052 |
| Uncle Sam in the 90s | Reg. No. VA 2-414-053 |

| Name | Registration No. |
|---|---|
| Free Ride | Reg. No. VA 2-414-054 |
| How Many Beers Does it Take | Reg. No. VA 2-426-855 |
| Rizz the Season | Reg. No. VA 2-430-649 |
| Get your Balls Wet | Reg. No. VA 2-430-652 |
| King of the Kill | Pending |

18.    A copy of the WW Designs, as well as their copyright registrations, are attached **Exhibits A, B, and C**.

### III.    TeePublic Knowingly Infringes the WW Designs and Others' Intellectual Property for Profit

19.    TeePublic is a print-on-demand company.  It markets itself as "the world's largest marketplace for independent creators" to sell art.  In practice, however, TeePublic is a website that runs a substantial operation of intellectual-property theft, infringement, and counterfeiting.

20.    Through TeePublic's website, www.teepublic.com, visitors can upload designs that TeePublic then displays on a variety of apparel and products—from t-shirts, to hoodies, to hats and stickers—displayed on the website.  TeePublic offers for sale the products on display, showing the final product photos in product listing pages that TeePublic hosts on its website.  TeePublic determines which products can be purchased on the TeePublic website and sets the price for goods sold.  TeePublic selects the products onto which it places designs on webpages that it hosts.

21.    TeePublic handles essentially every aspect of the sales process made on the TeePublic website.  Once a visitor to the TeePublic website orders a product, TeePublic

handles the sale—it takes the customer's payment and shipping information and processes the payment. TeePublic handles the manufacturing—it has the product manufactured for the customer per the customer's specifications. And TeePublic handles the shipping and handling—it has the product shipped to the customer in TeePublic-themed packaging.

22.    TeePublic then splits the profit between itself and the person who originally uploaded the design. TeePublic gives as little as $1 per t-shirt sold on the TeePublic website to the person who uploaded the design; TeePublic keeps the rest of the money for itself. Rightsholders like Weekend Warrior whose designs are infringed? They receive none of the proceeds.

23.    TeePublic's website is a hot bed for intellectual-property theft, resulting in TeePublic marketing, offering for sale, selling, manufacturing, and shipping substantial quantities of infringing and counterfeit goods. For example, sports fans of all types can find knockoff apparel on the TeePublic website:

















24. TeePublic has infringed Weekend Warrior's copyrights as well. TeePublic does not sell any licensed Weekend Warrior products. Nevertheless, TeePublic advertises, markets, displays, offers for sale, sells, distributes, and profits from massive quantities of products that infringe Weekend Warrior's copyrights. These infringing products

incorporate exact and near-exact copies of Weekend Warrior's registered WW Designs. In addition to the examples provided above, TeePublic's infringement includes:

| Weekend Warrior's Design | Examples of TeePublic's Infringement |
|---|---|
|   |   |
|  |   |
|   |   |



25.     TeePublic's advertising, manufacturing, and selling of the physical infringing products far exceeds the actions of a mere service provider.

26.     TeePublic can, and has the ability to, manage, monitor, and control the infringing activity on its website.

27.     TeePublic also advertises infringing products online on websites besides the TeePublic website, including Google, Facebook, and other platforms.  For example, TeePublic advertises on Google search pages; and TeePublic's infringements oftentimes appear side-by-side next to authentic Weekend Warrior listings at prices lower than what Weekend Warrior offers.

## IV.     TeePublic Does Not Honor Takedown Notices and Actively Hides Its Infringement

28.     Beginning in 2023, Weekend Warrior repeatedly notified TeePublic in writing that TeePublic is copying and offering for sale products that feature the WW Designs directly.  Despite Weekend Warrior sending TeePublic numerous takedown requests concerning the WW Designs and placing TeePublic on notice of Weekend Warrior's intellectual property rights and TeePublic's infringement, TeePublic persisted.

29.     While TeePublic claims that it "immediately removes" infringing listings from its website, its actions show otherwise.  TeePublic continued to advertise, offer for sale, and sell knockoff Weekend Warrior products, failing to remove many of the products identified.  TeePublic also refused to remove repeat infringers from its website.  As a result, the WW Designs continued to be infringed on the TeePublic website.

30.     For example, Weekend Warrior sent TeePublic notice that TeePublic was infringing Weekend Warrior's "It's A Bad Day To Be A Beer" design.



31.    TeePublic's infringement persisted despite the notice.  Months after sending

its notice, Weekend Warrior found that TeePublic continued to infringe the design on its

website:





32.     TeePublic also empowers repeat infringers on the TeePublic website. Even when TeePublic knows that someone is repeatedly uploading infringing designs on the TeePublic website, TeePublic refuses to stop the infringement. Instead, it allows the user to continue to be on the TeePublic website, where the user continues to infringe Weekend Warrior's copyrights.

33.     For example, Weekend Warrior notified TeePublic in December 2023 that TeePublic was infringing one of the WW Designs: the "Uncle Same Griddy." In response, TeePublic did not terminate the user who uploaded the infringing design on TeePublic's website.

34.     As a result, five months later, Weekend Warrior was forced to notify TeePublic again that this user was infringing the same copyright-protected design:



35.     Again, TeePublic refused to act.  Even though it had actual knowledge of this infringement, TeePublic neither took the infringing design down, nor terminated the repeat infringer.  The infringement was therefore allowed to persist while generating TeePublic further revenue.

36.     Two months later, Weekend Warrior saw that the same infringing design was *still* on the TeePublic website.  Additionally, the repeat infringer—emboldened by

TeePublic's ongoing support—had uploaded several dozens of copies of the same design

onto the TeePublic website, including:



## V.     TeePublic Actively Hides Its Infringement

37.    TeePublic also actively works to hide its infringement from Weekend Warrior and other rightsholders.  TeePublic makes several of the infringing designs on its website unsearchable, meaning it is nearly impossible for Weekend Warrior and other rightsholders to assess the full scope of TeePublic's unlawful conduct.

38.    Weekend Warrior has found several instances where TeePublic and its users have infringed the WW Designs, but the designs could not be found on the TeePublic website by conducting searches or navigating the keyword tags on the TeePublic website. Instead, only after conducting searches on a search engine like Google or by investigating the TeePublic website were these instances of infringement uncovered.

39.    TeePublic admits that it hides accounts and designs on its website. "Apprentice Accounts" are hidden and not eligible for visibility through on-site searches. TeePublic deems an account an "Apprentice Account" when it has the same characteristics that a high-scale infringer would have: the account is "less discerning about the products they design," "may be spamming TeePublic at high volumes," and is "exploring more automated content."

40.    In other words, when an account shows that it is a significant threat of infringement to Weekend Warrior and other rightsholders, TeePublic does not shutdown or stop the account.  Instead, TeePublic makes it even harder for Weekend Warrior and others to find and investigate the account.  And revenue that Apprentice Account generates still makes its way to TeePublic.

41.    TeePublic's infringement is knowing, willful, intentional, and malicious, as evidenced by, *inter alia*, the sheer quantity of infringement of the WW Designs,

TeePublic's copying of the WW Designs to advertise, offer to sell, and sell exact or near-exact knockoffs of Weekend Warrior's products, TeePublic's refusal to honor takedown notices, TeePublic's continued sale of infringing Weekend Warrior products despite Weekend Warrior's repeated takedown notices, and TeePublic's pattern and practice of infringing upon the intellectual property rights of others. TeePublic has been named as a defendant in multiple infringement actions based on infringement that occurs on its website.

42. TeePublic has profited from its unlawful copying and use of Weekend Warrior's copyrighted designs through the sale of infringing goods, diverting profits from Weekend Warrior's sale of its goods, and causing harm to Weekend Warrior's brand, reputation, and good will.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

43. Weekend Warrior repeats, re-alleges, and incorporates by reference each and every allegation set forth above as though set forth fully herein.

44. Weekend Warrior has, in all respects, complied with the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, and has secured the exclusive rights and privileges in and to the original expression in the WW Designs that have been duly registered with the United States Copyright Office. Registration numbers of these copyrights are provided above in the chart in Paragraph 17.

45. Weekend Warrior never provided authorization to TeePublic or its partners, parents, owners, agents, licenses, affiliates, employees, contractors, customers, or users to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the WW Designs.

21

46. TeePublic had access to Weekend Warrior's copyright works as established by, *inter alia*, the widespread availability of the WW Designs on Weekend Warrior's website and for sale on Weekend Warrior's products, and the striking similarity between the expression used on the infringing goods and the expression in Weekend Warrior's copyrights.

47. TeePublic infringes Weekend Warrior's copyrights by advertising, marketing, manufacturing, displaying, offering for sale, selling, distributing, and profiting from products that incorporate protectable expression taken from Weekend Warrior's copyrights, without Weekend Warrior's permission.

48. TeePublic infringed Weekend Warrior's copyrights with actual or constructive knowledge of, or in reckless disregard for, Weekend Warrior's copyrights, rendering those acts willful, intentional, and malicious.

49. Weekend Warrior is entitled to statutory damages for willful copyright infringement up to the maximum amount of $150,000 per copyright.

50. Alternatively, Weekend Warrior is entitled to actual damages and TeePublic's profits, in an amount to be proven at trial, as well as any licensing fees that Weekend Warrior could have received if TeePublic secured a valid license to the WW Designs.

51. Weekend Warrior is entitled to its costs, including reasonable attorneys' fees.

52. Weekend Warrior's acts have caused, and will continue to cause, irreparable harm to Weekend Warrior directly and proximately unless restrained by this Court. Weekend Warrior has no adequate remedy at law. Accordingly, Weekend Warrior is

entitled to an order enjoining and restraining TeePublic and all those acting in concert with TeePublic, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling products with copies or substantially similar copies of Weekend Warrior's copyrighted designs.

### SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

53.     Weekend Warrior repeats, re-alleges, and incorporates by reference each and every allegation set forth above as though set forth fully herein.

54.     TeePublic has been and continues to be aware of—and has been and continues to contribute to—the infringement of Weekend Warrior's copyrights on its website.

55.     In this regard, and as described above, Weekend Warrior sent TeePublic numerous takedown requests concerning products for sale that infringe Weekend Warrior's copyrights.   TeePublic, however, failed to remove many of the products identified. TeePublic thus has actual knowledge of its infringement.

56.     Alternatively, TeePublic had reason to know of, but has remained willfully blind to, the infringement of Weekend Warrior's copyrights on its website and on the products it manufactures and sells to consumers.

57.     Weekend Warrior has been directly and proximately damaged by TeePublic's contributory copyright infringement, and TeePublic has profited from its contributory copyright infringement.

58.     To remedy TeePublic's contributory copyright infringement, Weekend Warrior is entitled to all of the remedies set forth above for direct copyright infringement.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

59.     Weekend Warrior repeats, re-alleges, and incorporates by reference each and every allegation set forth above as though set forth fully herein.

60.     TeePublic enjoys a direct economic and financial benefit from the copyright infringement on its website.  TeePublic collects a portion of every sale of every product sold on TeePublic's website.  The availability of the infringing goods also draws customers to the site, causing TeePublic to financially benefit both through the sale of the infringing goods and through the sale of all goods displayed on its website.  By fostering an environment that enables users to potentially infringe copyrighted works, TeePublic has increased user traffic to its website and expanded the use of its services, thereby reaping TeePublic significant commercial advantages.

61.     TeePublic has the legal right and practical ability to supervise, control, stop, or limit the copyright infringement on its website.  Accordingly, TeePublic is in the best position to remove and prevent copyright-infringing content from its website.

62.     Weekend Warrior has been directly and proximately damaged by TeePublic's vicarious copyright infringement, and TeePublic has profited and benefitted from its vicarious copyright infringement.

63.     TeePublic committed vicarious copyright infringement with actual knowledge or reckless disregard of Weekend Warrior's rights such that said acts of copyright infringement were, and continue to be, intentional and malicious.

64.     To remedy TeePublic's vicarious copyright infringement, Weekend Warrior is entitled to all of the remedies set forth above for direct copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Weekend Warrior prays for relief against Defendant TeePublic as follows:

1.     For preliminary and permanent injunctions enjoining and restraining TeePublic, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with, TeePublic, from designing, manufacturing, importing, shipping, delivering, offering to sell, selling, marketing, displaying, advertising, or promoting any product that incorporates designs substantially similar to Weekend Warrior's copyrights;

2.     For an order requiring the destruction of all of TeePublic's infringing products and all marketing, advertising, or promotional materials depicting TeePublic's infringing products;

3.     For an accounting of all profits obtained by TeePublic from sales of the infringing products and an order that TeePublic hold all such profits in constructive trust for the benefit of Weekend Warrior;

4.     For an award to Weekend Warrior of all profits TeePublic earned from its infringing acts;

5.     For compensatory damages according to proof;

6.     For statutory damages of no less than $150,000 per registered copyright;

7.     For prejudgment interest on all damages awarded by this Court;

8.     For reasonable attorneys' fees and costs of suit incurred herein; and

9.     For such other and further relief as this Court deems just and proper.

Dated: April 30, 2025           Respectfully submitted,

_____

Gary F. Franke, Trial Attorney
Ohio Bar No. 0029793
William M. Bristol
Ohio Bar No. 0074005
GARY F. FRANKE CO., LPA
201 E. Fifth Street, Suite 910
Cincinnati, Ohio 45202
Telephone: (513) 564-9222
Email: gff@garyfrankelaw.com

and

Jason Y. Kelly, *pro hac vice* forthcoming
California Bar No. 274144
Benjamin J. Kussman, *pro hac vice* forthcoming
California Bar No. 304488
ANNAGUEY MCCANN LLP
10880 Wilshire Boulevard, Suite 960
Los Angeles, California 90024
Telephone: (424) 431-0078
Facsimile: (424) 467-4178
Email: jason@annagueymccann.com
Email: ben@annagueymccann.com

*Attorneys for Plaintiff*
*Weekend Warrior Clothing, LLC*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Weekend Warrior Clothing, LLC hereby demands a jury trial as provided

by Federal Rule of Civil Procedure 38(a).


Dated: April 30, 2025           Respectfully submitted,


                             _____

Gary F. Franke, Trial Attorney
Ohio Bar No. 0029793
William M. Bristol
Ohio Bar No. 0074005
GARY F. FRANKE CO., LPA
201 E. Fifth Street, Suite 910
Cincinnati, Ohio 45202
Telephone: (513) 564-9222
Email:  gff@garyfrankelaw.com

and

Jason Y. Kelly, *pro hac vice* forthcoming
California Bar No. 274144
Benjamin J. Kussman, *pro hac vice* forthcoming
California Bar No. 304488
ANNAGUEY MCCANN LLP
10880 Wilshire Boulevard, Suite 960
Los Angeles, California 90024
Telephone: (424) 431-0078
Facsimile: (424) 467-4178
Email:  jason@annagueymccann.com
Email:  ben@annagueymccann.com

*Attorneys for Plaintiff*
*Weekend Warrior Clothing, LLC*